UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED, | No. 2:14-cv-2478 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| FRED FAULK, Warden, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff is incarcerated at High Desert State Prison in Susanville, California. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Request to Proceed In Forma Pauperis

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v.
2  Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal
3  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
4  true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the
5  pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236
6  (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

7         Plaintiff appears to allege in his complaint he has not been provided with an adequate
8  number of copies of legal documents, thereby impairing his constitutional right of access to the
9  courts.  However, it unclear whether, in fact, plaintiff is making such an allegation because he
10 also alleges in his complaint that he "was granted the copies on 3/14/14."  (Complaint, ECF No. 6
11 at 3.)  If plaintiff was granted the copies he sought, it is unclear what is the basis for plaintiff's
12 lawsuit.  In order to have standing to sue in federal court, plaintiff must allege "an actual case or
13 controversy."  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101 (1983).  To satisfy the "case or
14 controversy" requirement, a plaintiff must establish standing under Article III of the U.S.
15 Constitution.  <u>Human Life of Wash., Inc. v. Brumsickle</u>, 624 F.3d 990, 1000 (9th Cir. 2010).
16 "[I]n order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact
17 (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a
18 fairly traceable connection between the alleged injury in fact and the alleged conduct of the
19 defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's
20 injury will be remedied by the relief plaintiff seeks in bringing suit)."  <u>Sprint Commc'n Co., L.P.
21 v. APCC Servs., Inc.</u>, 554 U.S. 269, 273–74 (2008) (citing <u>Lujan v. Defenders of Wildlife</u>, 504
22 U.S. 555, 560–61 (1992)).  If plaintiff has received the copies that he sought, then by definition,
23 he cannot demonstrate an injury requiring redress.

24         Plaintiff also alleges in the complaint that he seeks the following remedy: "I . . .
25 respectfully request that this court . . . please stop this behavior by this law library supervisor
26 Wilson, who has been delegated as Correction Captain to advise inmate on their legal
27 document[s] to be copied for court and what document the court will except (sic) and to stop the
28 delays and that procedure has on an inmate deadline to file in court." (<u>Id.</u>)  Again, if plaintiff has

received the copies that he sought, it is unclear whether he meets the standing requirements to receive injunctive relief.  A plaintiff must allege facts sufficient to show a "real and immediate threat of repeated injury" in order to seek injunctive relief in federal court.  O'Shea v. Littleton, 414 U.S. 488, 496 (1974).  Although "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," O'Shea, 414 U.S. at 496, "past wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy." Lyons, 461 U.S. at 103.  The fact that plaintiff was, at some point in the past, denied copies that he required for litigation is an insufficient basis, in and of itself, to merit injunctive relief.

Ultimately, the court finds the allegations in plaintiff's complaint so vague that it is unable to determine whether it states a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved. [1]  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

---

[1] The complaint is also defective in that plaintiff fails to allege any specific acts by Warden Foulk, the sole named defendant.

Plaintiff is advised of the following legal requirements governing his claim. Prisoners have a constitutionally-protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). This right encompasses the use of a copier to prepare legal filings. See Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994) ("[I]t does not require sophisticated 'legal scholarship' to know that a plaintiff's access to the courts could be hindered seriously by an inability to make multiple, accurate copies of legal documents."); Gluth v. Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991) ("Litigation necessarily requires some means of accurate duplication because the court and the parties need to refer to the same documents. Photocopying is a reasonable means of providing the necessary copies.").

A prisoner claiming that his right of access to the courts has been violated must show, first, that the limitations on access were unreasonable, and second, that inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). The Supreme Court has defined "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III. Other Motions

Plaintiff has filed a number of motions in this matter:

- Motion for writ of mandate. (ECF No. 17.)
- Motion for court order re: copies. (ECF No. 18.)
- Motion for assistance with law library access. (ECF No. 19.)

- Request for admissions. (ECF No. 21)

As the court is dismissing plaintiff's complaint, it will also proceed to deny these four motions. It would be premature for the court to grant the relief sought in these motions, as plaintiff has as yet failed to state a potentially-cognizable claim for denial of access to courts based on a denial of copies and/or law library access.

Plaintiff is further advised as follows regarding any further filings that he may make while awaiting the court's screening of his amended complaint. First, while the court will not, at this juncture, forbid plaintiff from making additional filings, plaintiff should be aware that the court has extremely limited resources,[2] and as a result, any additional filings, including motions, that he makes at this stage of the proceedings (beyond an amended complaint) will only delay the handling of his case.

Second, having reviewed the four motions listed above, the court notes that plaintiff seeks a ruling on the "admissibility" of various facts, such as "Respondent violated rights to access to courts," and "Respondent violated rights to have access into the law library/privilege in the amount of 2 hrs per week." (ECF No. 21; see also ECF No. 17 at 4.) Plaintiff is advised that it would be premature for the court to make evidentiary rulings at this stage of the proceedings. Such rulings are generally made in connection with trial or else with certain motions, such as motions for summary judgment under Federal Rule of Civil Procedure 56, in support of which the parties are permitted to submit evidence.

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 15) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

---

[2] "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).

6

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint (ECF No. 6) is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. The Clerk of the Court is directed to send plaintiff the forms necessary to file a prisoner civil rights complaint.

    6. Plaintiff's motion for writ of mandate (ECF No. 17), motion for court order re: copies (ECF No. 18), motion for assistance with law library access (ECF No. 19), and request for admission (ECF No. 21) are denied.

Dated: April 29, 2015

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

/snee2478.14.new

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRED FAULK, Warden,<br><br>　　　　Defendant. | No. 2:14-cv-2478 GEB KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　First Amended Complaint
DATED:


　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff