1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONNIE KAY SNEED,                        No.  2:14-cv-2478 GEB KJN P

12                   Plaintiff,

13          v.                                 ORDER

14    FRED FAULK, Warden,

15                   Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court

19    pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended complaint is now

20    before the court.

21          The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4    Cir. 1989); Franklin, 745 F.2d at 1227.

5         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

8    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

9    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

10   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

11   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

12   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

13   McKeithen, 395 U.S. 411, 421 (1969).

14        In his amended complaint, plaintiff again challenges his inability to obtain photocopies to

15   file citizen's complaints.

16        "To state a claim under section 1983, a plaintiff must allege the violation of a right

17   secured by the Constitution and laws of the United States. . . ."  West v. Atkins, 487 U.S. 42, 48,

18   (1988).  However, "inmates lack a separate constitutional entitlement to a specific prison

19   grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  As the Eighth

20   Circuit explained under facts similar to those presented here:

21            "[A prison] grievance procedure is a procedural right only, it does
             not confer any substantive right upon the inmates. Hence, it does
22           not give rise to a protected liberty interest requiring the procedural
             protections envisioned by the fourteenth amendment." Thus,
23           defendants' failure to process any of Buckley's grievances, without
             more, is not actionable under section 1983. (internal citation
24           omitted).

25   Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

26        Here, plaintiff's allegations stem from his alleged failure to obtain photocopies so that he

27   may pursue the filing of citizen's complaints.  However, because plaintiff does not have a

28   constitutional right to a prison grievance system, Ramirez, 334 F.3d at 860, or certain treatment

                                            2

1  within an established one, <u>Buckley</u>, 997 F.2d at 495, plaintiff fails to state a claim under section

2  1983.  <u>West</u>, 487 U.S. at 48.

3         In addition, even if plaintiff's claims were viewed as a denial of access to the courts claim,

4  <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977), such claims are limited to cases where plaintiff is

5  able to demonstrate an "actual injury," as explained in the court's prior screening order.  (ECF

6  No. 23 at 4.)  <u>See also</u> <u>Lewis v. Casey</u>, 518 U.S. 343, (1996).  Plaintiff makes a vague reference

7  to the filing of a petition for habeas corpus, but fails to allege sufficient facts demonstrating an

8  actual injury to his access to the courts.[1]

9         The court finds the allegations in plaintiff's amended complaint so vague and conclusory

10  that it is unable to determine whether the current action is frivolous or fails to state a claim for

11  relief. The court has determined that the amended complaint does not contain a short and plain

12  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

13  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

14  succinctly.  <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

15  allege with at least some degree of particularity overt acts which defendants engaged in that

16  support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed.

17  R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court, however, grants leave to

18  file a second amended complaint.

19         If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

20  the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

21  statutory rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended

22  complaint must allege in specific terms how each named defendant is involved.  There can be no

23  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

24  defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v.</u>

25  <u>Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.

26  ////

27

28  [1]  Plaintiff refers to an attached 602 grievance, but no such grievance was provided.  (ECF No. 28 at 4.)

3

1    1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

2    violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4    make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

5    complaint be complete in itself without reference to any prior pleading.  This requirement is

6    because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

7    <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

8    original pleading no longer serves any function in the case.  Therefore, in a second amended

9    complaint, as in an original complaint, each claim and the involvement of each defendant must be

10   sufficiently alleged.

11          In accordance with the above, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's amended complaint is dismissed; and

13          2.  Plaintiff is granted thirty days from the date of service of this order to file a second

14   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

15   of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

16   docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff

17   must file an original and two copies of the second amended complaint.

18          Failure to file a second amended complaint in accordance with this order will result in a

19   recommendation that this action be dismissed.

20   Dated:  November 7, 2016

21

22                                         KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE
23   /snee2478.14amd

24

25

26

27

28

4