UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED, | No. 2:14-cv-2478 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| FRED FAULK, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. On December 14, 2016, the undersigned recommended that this action be dismissed based on plaintiff's failure to file a second amended complaint. On December 15, 2016, plaintiff filed a motion for extension of time to file an amended complaint, which was entered on the court's docket December 16, 2016. Plaintiff signed his motion on November 30, 2016; under the mailbox rule, his motion is timely. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule). Thus, the findings and recommendations are vacated.

In his motion, plaintiff seeks a 90 day extension of time in which to file his second amended complaint. He claims he needs additional time to research his claims and to seek the return of certain relevant documents that were confiscated during a building search in January of 2016. Plaintiff also provides exhibits pertaining to his efforts to exhaust administrative remedies

as to various unrelated incidents.

This action was filed on September 29, 2014. To date, despite multiple opportunities, plaintiff has failed to allege facts that state a cognizable civil rights claim. Upon review of plaintiff's recent exhibits, it also appears that plaintiff has not exhausted his administrative remedies as to many of his potential claims.

A prisoner may not bring a § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."[1] Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Plaintiff is advised that he is not required to submit evidence in support of any second amended complaint. Rather, plaintiff must allege facts that demonstrate his constitutional rights

---

[1] On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now, inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

were violated and identify the individuals who allegedly violated his rights. Moreover, plaintiff must first exhaust his administrative remedies as to any such claims before the instant action was filed on September 29, 2014. Thus, plaintiff may not raise in this action any claims based on incidents that occurred on or after September 29, 2014.

In an abundance of caution, plaintiff is granted 60 days in which to file his amended pleading. However, no further extensions of time will be granted. In the alternative, plaintiff may choose to voluntarily dismiss this action until he can adequately plead his claims.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 33) is partially granted;

2. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint, or plaintiff may file a voluntary dismissal; and

3. The Clerk of the Court shall send plaintiff the form for filing a civil rights action by a prisoner.

Dated:  December 23, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

snee2478.36