UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED,<br><br>    Plaintiff,<br><br>    v.<br><br>FRED FAULK, Warden,<br><br>    Defendant. | No. 2:14-cv-2478 GEB KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. On December 14, 2016, the undersigned recommended that this action be dismissed based on plaintiff's failure to timely file an amended complaint. In response, plaintiff filed a motion for extension of time to file the pleading. On December 23, 2016, plaintiff's request was partially granted; plaintiff was granted sixty days to file an amended complaint. On February 27, 2017, plaintiff filed a second amended complaint. Therefore, the December 14, 2016 findings and recommendations are vacated, and the court now screens plaintiff's amended pleading.

In the amended pleading, plaintiff alleges that Mrs. Davis did not allow plaintiff to grieve his First Amendment claim through the third level of appeal. In addition to money damages, plaintiff seeks a declaratory judgment stating that Davis violated plaintiff's First Amendment right to grieve the government by not allowing him photocopies to substantiate his claim to the proper government department. Plaintiff alleges that S.L. Chapman, who was aware of Davis'

1

denial, did not allow plaintiff to make "copies of documents needed to show what was done by the complaint." (ECF No. 35 at 2.) In addition to money damages, plaintiff seeks a declaratory judgment stating that Chapman denied plaintiff's grievances.

First, plaintiff failed to identify the individuals named as defendants in the caption of the complaint. Fed. R. Civ. P. 10(a). Although it appears that plaintiff now names Davis and Chapman as defendants, plaintiff's pleading must make clear who he is naming as a defendant in the pleading.

Second, despite multiple opportunities to amend, plaintiff has again failed to state a cognizable access to the courts claim in violation of the First Amendment. The amended pleading does not identify any cognizable injury plaintiff suffered as a result of defendants alleged refusal to copy documents. Because actual injury is a jurisdictional requirement that may not be waived, an actual injury must be alleged in order to state a claim for relief. Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011); see, e.g., Jenkins v. McMickens, 618 F. Supp. 1472, 1474-75 (S.D. N.Y. 1985) (complaint alleging certain documents pertaining to pending trial were confiscated and not returned is too conclusory to support a claim of denial of access to court).

Moreover, plaintiff fails to demonstrate the alleged failure to provide photocopies interfered with his access to the courts. Rather, plaintiff claims he needed the photocopies to "substantiate his claim to the proper government department." (ECF No. 35 at 2.) In addition, in his appeal HDSP-B-14-01853, plaintiff stated he was exercising his right to file a formal citizen complaint, requested documents necessary to advance his civil litigation in his complaint to the State Bar of California, and the documents were needed to be sent to the State Bar of California, Audit and Review Unit. (ECF No. 35 at 20, 24.) Plaintiff requested to have 765 pages photocopied for the State Bar. (Id. at 20, 21, 23, 24.) The exhibits provided by plaintiff demonstrate that his underlying complaint to the State Bar was denied, but that plaintiff could request the State Bar's Audit & Review Unit to review the complaint. (Id. at 26.) Any inability to file a citizen's complaint or to file documents with the State Bar does not fall within the purview of claims covered by plaintiff's constitutional right of access to the courts. The right of

access protects only the right to file direct criminal appeals, habeas petitions, and civil rights actions. See Lewis, 518 U.S. at 354-55. Having failed to meet these requirements, any right of access claim under the First Amendment must be dismissed.

Plaintiff was first advised of these requirements in the court's initial screening order issued on April 29, 2015. (ECF No. 23 at 5.) Plaintiff was reminded of the actual injury requirement in the November 7, 2016 screening order. (ECF No. 31 at 3.) Plaintiff's second amended complaint makes no reference to an actual injury to court access to file any document in a court of law. The exhibits provided with plaintiff's amended pleading confirm that plaintiff sought the photocopies for filing with the State Bar or in connection with his citizen's complaint, which does not constitute an actual injury under Lewis. Thus, it would be futile to again grant plaintiff leave to amend his access to the courts claim.

Third, plaintiff's allegation that defendant Chapman denied plaintiff's administrative appeal or kept him from filing a third level appeal fail to state a cognizable due process claim. Plaintiff cannot state a due process claim based on defendants' role in the inmate appeal process.

The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Therefore, plaintiff's claims that Chapman

wrongfully denied plaintiff's administrative appeals fail to state a due process claim and must be dismissed.

IT IS HEREBY ORDERED that the December 14, 2016 findings and recommendations (ECF No. 32) are vacated; and

IT IS RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 16, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/snee2478.56