UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED, | No. 2:14-cv-2478 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| FRED FAULK, Warden, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  First, plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Second, plaintiff has filed objections to the findings and recommendations.[1] However, the findings and recommendations were filed on June 16, 2017, and plaintiff was required to file objections within fourteen days, or by June 30, 2017. Under the mailbox rule plaintiff signed the objections on July 5, 2017, after the deadline expired. The district court adopted the findings and recommendations and entered judgment on July 19, 2017. Thus, plaintiff's objections are untimely, and the court declines to consider them.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 40) is denied without prejudice;

2. Plaintiff's objections (ECF No. 39) are untimely and the court declines to consider them; and

3. Plaintiff's duplicative objections (ECF No 41) are disregarded.

Dated:  July 25, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mp/cw/snee2478.31

---

[1] Plaintiff filed a duplicate set of objections on July 20, 2017. (ECF No. 41.) Because the second set is duplicative, the court disregards the filing.

2